UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEINHORST ASSOCIATES<br>220 Forbes Road, Suite 205<br>Braintree, MA  02184, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| ALPHONSO JACKSON, in his capacity as<br>Secretary of the United States Department of<br>Housing And Urban Development<br>451 7th Street, S.W.<br>Washington, DC 20410, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

1.      The Plaintiff, Steinhorst Associates, is seeking declaratory and injunctive

relief against Alphonso Jackson, in his capacity as Secretary of the Department of

Housing and Urban Development ("HUD"), in connection with HUD's refusal to approve

the renewal of the Housing Assistance Payments ("HAP") Contract between Plaintiff and

the Municipal Housing Authority of the City of Utica, New York (the "Housing

Authority").

2.      In 1982, Plaintiff and the Housing Authority, with HUD's approval,

entered into a HAP Contract, effective in 1981, pursuant to which the Housing Authority,

with funds received from HUD, provided rental assistance payments to Plaintiff on behalf

of the low-income tenants who live at the apartment project owned by Plaintiff.

3.    Stage 1 of the original HAP Contract between Plaintiff and the Housing Authority expired on September 6, 2001.  Stage 2 of the original HAP Contract expired on November 11, 2001.  When they expired, both stages of the HAP Contract were renewed as separate HAP Contracts for five additional years in accordance with Section 524(b)(1) of the Multifamily Assisted Housing Reform and Affordability Act of 1997 ("MAHRA") and Option Four of HUD's Section 8 Renewal Guide ("Renewal Guide").

4.    Upon the expiration of the additional five-year term of the separate HAP Contracts, Plaintiff, through its management agent, requested that HUD approve another renewal of the two HAP Contract under Option Four of the Renewal Guide.  HUD denied the request.

5.    HUD's denial of Plaintiff's request was arbitrary, capricious and not otherwise in accordance with law.  Accordingly, Plaintiff is asking the Court to issue a declaratory judgment to this effect and to grant all relief that would be consistent with any such declaratory judgment, including an order requiring HUD to approve the renewal of Plaintiff's HAP Contracts under Option Four of the Renewal Guide, as it was in effect on November 30, 2006, the date on which Plaintiff submitted its renewal request to HUD.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 2201 and 2202, 5 U.S.C. §§ 701-706 and 42 U.S.C. § 1404a.

7.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e).

## PARTIES

8.    Plaintiff is a limited partnership formed under the laws of New York. Plaintiff is the owner of Steinhorst Square Apartments ("Steinhorst Square"), a multifamily rental housing project located in Utica, New York.

9.    Defendant Alphonso Jackson is the Secretary of the United States Department of Housing and Urban Development and is sued in his capacity as such.

## FACTS

### The Section 8 Program

10.    This action arises under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f ("Section 8"), and the Multifamily Assisted Housing Reform and Affordability Act of 1997, 42 U.S.C. §1437f note.  Section 8 was enacted in 1974 for the purpose of aiding low-income families in obtaining a decent place to live and promoting economically mixed housing.  Section 8 seeks to achieve these goals by providing rent subsidies on behalf of low-income families living in rental housing owned primarily by private persons and entities.

11.    Section 8 authorizes the Secretary of HUD to enter into an Annual Contributions Contract ("ACC") with a public housing agency ("PHA"), such as the Housing Authority, pursuant to which the PHA may enter into HAP Contracts with private owners of multifamily rental housing projects to make housing assistance payments to the owners for some or all of a project's units which are leased to low-income families.  A Section 8 HAP Contract establishes an initial contract rent ("Contract Rent") for each covered unit.  Pursuant to the HAP Contract, a PHA agrees to pay to the project owner, monthly, a housing assistance payment, for each unit covered by the

3

contract, equal to the difference between the Contract Rent and the amount the tenant is required by law to pay as rent. The ACC obligates HUD to provide funding to the PHA, through payments called annual contributions, for the purpose of making the housing assistance payments to the private owners pursuant to the HAP Contracts between the PHA and the owners.

12.    HUD has implemented Section 8 through several distinct programs. Two such programs are the Section 8 Programs for New Construction and Substantial Rehabilitation. Steinhorst Square was developed, and is managed, under the New Construction and Substantial Rehabilitation Programs.

**The Multifamily Assisted Housing Reform and Affordability Act of 1997**

13.    As stated in Section 511(b)(7) of MAHRA, MAHRA was enacted for the purpose of, among other things, "protect[ing] the interest of project owners and managers, because they are partners of the Federal Government in meeting the affordable housing needs of the Nation through the Section 8 rental housing assistance program."

14.    MAHRA established new policies for the renewal of all Section 8 project-based HAP Contracts. In general, Section 515 and Section 524 of MAHRA authorize the "Initial Renewal" of an expiring Section 8 project-based HAP Contract. The term "Initial Renewal" is defined as, "The first renewal of a project's contract or stage that is processed under the rules established by MAHRA." Renewal Guide, Section 2-1A.

15.    When a Section 8 project-based HAP Contract first expires, its renewal is authorized under Section 515 of MAHRA if the renewal "is in accordance with the terms and conditions specified in the mortgage restructuring and rental assistance sufficiency plan" required by Section 514 of MAHRA.

4

16. Under Section 514 of MAHRA, a mortgage restructuring and rental assistance sufficiency plan is required to be submitted for every "Eligible Multifamily Housing Project", unless a project is exempt under section 514(h). Section 512(2) of MAHRA defines the term "Eligible Multifamily Housing Project" as a project that (1) has rents on an average per unit basis that exceed the rent of comparable projects in the same market area, (2) is covered by a contract for project-based assistance under the New Construction or Substantial Rehabilitation Programs under Section 8(b)(2) of the United States Housing Act of 1937 or one of the other HUD programs specified in Section 512(2), and (3) is financed by a mortgage insured or held by HUD under the National Housing Act, 12 U.S.C. § 1701 *et seq.*

17. Section 514 of MAHRA requires that for an "Initial Renewal," an "Eligible Multifamily Housing Project" will have its Contract Rents reduced in accordance with the mortgage restructuring and rental assistance sufficiency plan for the project. In addition, the project will have its mortgage loan restructured to enable the project to meet its financial obligations at the reduced Contract Rents.

18. Section 514(h) of MAHRA exempts an "Eligible Multifamily Housing Project" from the rent reduction and mortgage restructuring requirements of Section 514, if the project was primarily financed by a unit of state government, a unit of general local government, or an agency or instrumentality of either, and where the financing involved mortgage insurance under the National Housing Act "such that implementation of a mortgage restructuring and rental sufficiency plan" would be "in conflict with the applicable law or agreements governing such financing."

19.    A project that is not an "Eligible Multifamily Housing Project" or that is exempt from the rent reduction and mortgage restructuring requirements of Section 514 under Section 514(h) of MAHRA is entitled under Section 524(b)(1) of MAHRA, for its "Initial Renewal", to have its HAP Contract renewed with its Contract Rents set at the lesser of the Contract Rents in effect when the HAP contract expires, as adjusted by an operating cost adjustment factor, or Contract Rents established on a budget basis.

20.    After the "Initial Renewal" of a HAP Contract under Section 524(b)(1), HUD is required under Section 524(c)(1) of MAHRA to "annually adjust the rents using an operating cost adjustment factor … or upon the request of the owner and subject to the approval of the Secretary, on a budget basis." This provision requires that, for all "Subsequent Renewals" of a HAP Contract that had its "Initial Renewal" processed under Section 524(b)(1), the Contract Rents specified in the "Subsequent Renewals" will be the Contract Rents in effect when the HAP Contract expires, as adjusted with an operating cost adjustment factor, unless the owner requests that the Contract Rents be established on a budget basis and HUD approves the request. A "Subsequent Renewal" is defined as, "The renewal of an expiring contract that was initially renewed under 524 of MAHRA." Renewal Guide, Glossary of Terms.

21.    HUD has implemented MAHRA through regulations, various Notices and its Section 8 Renewal Guide. In accordance with the Renewal Guide, HUD has established six options, Option One, Option Two, Option Three, Option Four, Option Five and Option Six, from which an owner must choose whenever a Section 8 project-based HAP contract expires.

**Steinhorst Square Apartments**

22.    Steinhorst Square Apartments is a 100-unit multifamily rental housing project located in Utica, New York.  Steinhorst Square was developed in two stages.  The first stage was the construction of sixty units built under HUD's Section 8 New Construction Program.  The second stage was the rehabilitation of forty units that were rehabilitated under HUD's Section 8 Substantial Rehabilitation Program.

23.    Financing for the mortgage loan on Steinhorst Square was provided by Mortgage Revenue Bonds issued in 1980 by the Utica Senior Citizen Housing Corporation, a New York not-for-profit corporation acting as a PHA and an instrumentality of the Housing Authority.  The terms of Plaintiff's mortgage loan are specified in a Mortgage Note that is insured by HUD under Section 221(d)(4) of the National Housing Act, 12 U.S.C. § 1715l(d)(4), and in the Mortgage executed by Plaintiff to secure its loan.

24.    In 1996, the Utica Senior Citizen Housing Corporation refunded the Mortgage Revenue Bonds it had issued in 1980 with a new issue of Mortgage Revenue Bonds.  In connection with the 1996 bond refunding, the Steinhorst Square Mortgage Note was amended to prohibit prepayment of the Steinhorst Square mortgage loan before April 15, 2006.  Prepayment between April 15, 2006 and April 15, 2008 will incur a prepayment penalty.

25.    Ninety-nine of the units at Steinhorst Square are covered by a project-based Section 8 HAP Contract between Plaintiff and the Housing Authority.  There were two stages to Plaintiff's original HAP Contract.  Stage 1 of the original HAP Contract was effective September 7, 1981 and expired on September 6, 2001.  Stage 2 of the

original HAP Contract was effective on November 12, 1981 and expired on November 11, 2001.

26.     When both stages of Plaintiff's original HAP Contract expired in 2001, Plaintiff requested that the Contract be renewed under Option Four of the Renewal Guide. Option Four is available to an exception project and permits renewal of a HAP Contract with new Contract Rents at the lesser of the Contract Rents in effect when the HAP Contract expires, as adjusted by an operating cost adjustment factor, or Contract Rents established on a budget basis. Renewal Guide, Sections 6-1 and 6-2. An exception project is a project that is not an "Eligible Multifamily Housing Project" or that is exempt from the rent reduction and mortgage restructuring requirements of Section 514 of MAHRA pursuant to Section 514(h). Renewal Guide, Section 6-1A .

27.     Prior to December 12, 2006, the owner of an exception project was entitled under Option Four to have the Contract Rents specified in a "Subsequent Renewal" to be established by adjusting a project's current Contract Rents with an operating cost adjustment factor, unless the owner requested that the Contract Rents be adjusted on a budget basis and HUD approved the request.

28.     On December 12, 2006, HUD revised Option Four of the Renewal Guide to require that the Contract Rents established by all "Subsequent Renewals", not just the "Initial Renewal", of HAP Contracts under Option Four be based on the lesser of a project's current Contract Rent, as adjusted by an operating cost adjustment factor, or a Contract Rent determined on a budget basis. This revision was effective April 19, 2007 and does not apply to a renewal request filed on or before April 19, 2007 as long as the request was not filed more than 120 days before a HAP Contract's anniversary date.

29.     HUD approved the request to renew Plaintiff's original HAP Contract under Option Four because HUD determined that Steinhorst Square was, under Section 514(h) of MAHRA, an exception project.  HUD's determination was made on the basis that the financing for Steinhorst Square was provided by an instrumentality of a unit of local government and a mortgage restructuring would conflict with the prohibition on prepaying the Steinhorst Square mortgage loan before April 15, 2006 imposed in connection with the 1996 bond refunding.  A Renewal HAP Contract for each stage was executed in November 2001.  The Stage 1 Contract was effective September 7, 2001 and the Stage 2 Contract was effective November 12, 2001.  Each contract was for five years.

30.     Several months before the expiration of Plaintiff's 2001 HAP Contracts, HUD told MB Management Company, the management agent of Steinhorst Square, that Steinhorst Square would not automatically be considered an exception project when Plaintiff's two HAP Contracts expired later that year.  Instead, HUD informed MB that HUD would make a determination, at the time the Plaintiff's Renewal HAP Contracts expired, whether Steinhorst Square was still exempt from the rent reduction and mortgage restructuring requirements of Section 514 of MAHRA.

31.     HUD confirmed its position in writing on August 8, 2006 in a letter from Theodore Toon, HUD's Deputy Assistant Secretary for the Office of Affordable Housing Preservation, to Plaintiff's counsel.  In his letter, Mr. Toon stated, "… Steinhorst Apartments' eligibility will be determined at the expiration of the current contract without reference or consideration given to any prior determination of exemption under Section 514(h) at the expiration of a previous contract."

9

32.     On November 30, 2006, MB Management Company requested in writing that HUD renew both the Stage 1 and Stage 2 Renewal HAP Contracts under Option Four retroactive to their expiration dates.

33.     HUD denied MB's request on January 17, 2007 in a letter to MB from Camille Seweryniak, the HUD Project Manager for Steinhorst Square.  In her letter, Ms. Seweryniak stated, "the property is not eligible for Option 4."  In addition, Ms. Seweryniak directed MB to resubmit its renewal request under another Option of the Renewal Guide.

## COUNT 1 – ADMINISTRATIVE PROCEDURE ACT

34.     Plaintiff repeats and realleges paragraphs 1-33.

35.     When Plaintiff's original HAP Contract was renewed in 2001 as an exception project under Option Four, Plaintiff was entitled to have all "Subsequent Renewals" of its HAP Contracts processed under Option Four, as in effect before December 12, 2006.

36.     HUD's refusal to approve the renewal of Plaintiff's HAP Contracts under Option Four constitutes final agency action.

37.     HUD's refusal to approve the renewal of Plaintiff's HAP Contracts under Option Four is arbitrary, capricious and not in accordance with law.

38.     Plaintiff has suffered a legal wrong as a result of HUD's refusal to approve the renewal of Plaintiff's HAP Contracts under Option Four.

39.     Plaintiff is without an adequate remedy in any other court.

## COUNT II – DECLARATORY JUDGMENT

40.    Plaintiff repeats and realleges paragraphs 1-39.

41.    A controversy exists between Plaintiff and Defendant regarding whether Steinhorst Square is an exception project and whether Plaintiff is entitled to renew its HAP Contracts under Option Four, as in effect before December 12, 2006.

42.    HUD's refusal to acknowledge that, based on its determination in 2001 that Steinhorst Square was an exception project, Steinhorst Square will always be an exception project, and to permit the renewal of Plaintiff's HAP Contracts under Option Four is incorrect as a matter of law.  Accordingly, Plaintiff is entitled to a declaratory judgment that Steinhorst Square is, and will always be, an exception project and as such Plaintiff is entitled to renew its HAP Contracts under Option Four, as in effect before December 12, 2006.

WHEREFORE, Plaintiff prays that the Court:

(i)    Order a speedy hearing of this action for a declaratory judgment and to advance this matter on the Court's Calendar pursuant to Rule 57 of the Federal Rules of Civil Procedure;

(ii)    Issue a declaratory judgment that HUD's refusal to approve the renewal of Plaintiff's HAP contracts under Option Four was arbitrary, capricious and not in accordance with law;

(iii)    Issue a declaratory judgment that Steinhorst Square Apartments is, and always will be, an exception project;

(iv)    Issue a declaratory judgment that Plaintiff is entitled to renew its HAP Contracts under Option Four, as in effect before December 12, 2006;

(v)     Order that HUD approve the renewal of Plaintiff's HAP Contracts under

Option Four, as in effect before December 12, 2006, retroactive to their expiration dates;

(vi)     Award Plaintiff its costs and expenses of this action, including attorney

fees; and

(vii)     Award any other relief to which Plaintiff is entitled or that the Court finds

to be appropriate.

Respectfully submitted,

May 3, 2007

Carl A.S. Coan, Jr.
Carl A.S. Coan, III
Coan & Lyons
1100 Connecticut Ave., N.W.
Suite 1000
Washington, DC 20036
Phone No. 202-728-1070
Fax No. 202-293-2448

Attorneys for Plaintiff

C
07-813
HHK

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Steinhorst Associates    88888 | Alphonso Jackson, in his capacity as Secretary of the United States Department of Housing and Urban Development |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF .....88888......
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) ......11001......
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Carl A.S. Coan, Jr.
COAN & LYONS
1100 Connecticut Avenue, N.W.,Suite 1000
Washington, D.C. 20036
Tel: (202) 728-1070

Case: 1:07-cv-00813
Assigned To : Kennedy, Henry H.
Assign. Date : 5/3/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O  1 U.S. Government Plaintiff

O  3 Federal Question (U.S. Government Not a Party)

⊙  2 U.S. Government Defendant

O  4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

O A. *Antitrust*

☐ 410 Antitrust

O B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⊙ C. *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

O D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

O E. *General Civil (Other)*    OR    O F. *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff alleges failure by Defendant to approve renewal of Plaintiff's Section 8 HAP contract in violation of 42 U.S.C. § 1437 note.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** [_____] Check YES only if demanded in comp    **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ⊗ If yes, please complete related case form.

DATE 05/03/2007    SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

