UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEINHORST ASSOCIATES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) Civil Action No. 07-813 (HHK) <br> ) <br>ALPHONSO JACKSON, in his capacity as ) <br>Secretary of the United States Department of ) <br>Housing And Urban Development, ) <br> ) <br> Defendant. ) <br> ) | |

**PLAINTIFF'S MOTION FOR AN EXPEDITED HEARING
ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On May 3, 2007 Plaintiff filed its Complaint in this action. On May 4, 2007, along with this motion, Plaintiff filed a Motion for Preliminary Injunction and a Memorandum of Points and Authorities in support thereof. In accordance with Local Civil Rule 65.1(d), and for the reasons stated below, Plaintiff respectfully requests that the Court set a hearing on Plaintiff's Motion for a Preliminary Injunction no later than 20 days from the date of the filing of Plaintiff's motion.

**FACTS**

Plaintiff is the owner of Steinhorst Square Apartments ("Steinhorst Square"), a 100-unit multifamily low-income, elderly rental housing project located in Utica, New York. The project's mortgage loan is insured by the Department of Housing and Urban Development ("HUD") under Section 221(d)(4) of the National Housing Act, 12 U.S.C. § 17151(d)(4). In addition, the tenants at Steinhorst Square Apartments are assisted

through HUD's Section 8 Program.  Under the Section 8 Program, HUD makes annual contributions on behalf of the tenants at Steinhorst Square to the Municipal Housing Authority of the City of Utica, New York ("Housing Authority") in accordance with the Annual Contributions Contract between HUD and the Housing Authority.  The Housing Authority, in turn, remits a portion of the payments it receives from HUD to Plaintiff in the form of housing assistance payments[1] pursuant to the Housing Assistance Payments ("HAP") Contracts between Plaintiff and the Housing Authority.[2]

When Plaintiff's HAP Contracts expired last year, Plaintiff requested that HUD approve their renewal under Option Four as specified in HUD's Section 8 Renewal Guide.[3]  In January 2007, HUD denied Plaintiff's request.  Accordingly, Plaintiff has not received any housing assistance payments since January 2007.

Plaintiff used all of its available financial reserves to meet some of its financial obligations in February, March and April 2007.  In fact, Plaintiff had to obtain a loan to make its April mortgage loan payment.  Having depleted all of its reserves, Plaintiff has been unable to make its May mortgage loan payment, which was due May1, and meet its other financial obligations.  Therefore, Plaintiff is in default of the Mortgage that secures the payment of its mortgage loan and is unable to pay its other creditors.

## ARGUMENT

Unless Plaintiff cures the default on its mortgage loan by May 31, the mortgagee may either foreclose on the loan or assign it to HUD in accordance with the contract of

---

[1] The amount of the housing assistance payments is the difference between the rent charged for each apartment and 30% of the tenant's monthly adjusted gross income.

[2] There are two HAP Contracts between Plaintiff and Housing Authority.

[3] Under Option Four, as in effect at the time Plaintiff requested renewal of its HAP Contracts, a project's HAP Contract was renewed with new Contract Rents that were equal to the then existing Contract Rents, as adjusted with an operating cost adjustment factor.

2

mortgage insurance between HUD and the mortgagee. If the loan is assigned to HUD, HUD will have the right to foreclose on the loan. Therefore, unless the Court orders HUD to resume making the annual contributions, retroactive to February 1, 2007, to the Housing Authority for the payment of housing assistance payments to Plaintiff on behalf of Plaintiff's low-income tenants, it is certain that Plaintiff's mortgage loan will be foreclosed. This will result in Plaintiff's loss of Steinhorst Square Apartments, a multimillion-dollar asset, and the destruction of Plaintiff's business.

In addition, since Plaintiff is unable to pay its other creditors, there will be a disruption in the goods and services provided to the tenants at Steinhorst Square, including a cutoff of utilities. This will have a devastating effect on the tenants, all of whom are elderly and/or disabled. Accordingly, it is imperative that a hearing on Plaintiff's Motion for a Preliminary Injunction be held as soon as possible. **Time is of the essence.**

Because this motion is being filed on the day after the Complaint was filed, Defendant's counsel is unknown. Therefore, Plaintiff's counsel was not, as required by LCvR 7(m), able to confer with opposing counsel before filing this motion.

                                                Respectfully submitted,

May 4, 2007                                 /s/ Carl A.S. Coan, Jr.
                                            Carl A.S. Coan, Jr. (D.C. Bar No. 89466)
                                            Carl A.S. Coan, III (D.C. Bar No. 358034)
                                            Coan & Lyons
                                            1100 Connecticut Ave., N.W.
                                            Suite 1000
                                            Washington, DC 20036
                                            Phone No. 202-728-1070
                                            Fax No. 202-293-2448

                                            Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2007 "Plaintiff's Motion For Expedited Hearing on Plaintiff's Motion for Preliminary Injunction", which was filed the day after the Complaint was filed, was served with the Complaint on Defendant by mailing a copy thereof via certified mail, return receipt requested, to:

a. Civil Process Clerk
Office of the United States Attorney
555 4th Street, N.W.
Washington, DC 20001

b. Alberto Gonzales
Attorney General of the United States
Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

c. Alphonso Jackson
Secretary
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410

/s/ Carl A.S. Coan, Jr.
Carl A.S. Coan, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEINHORST ASSOCIATES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO JACKSON, in his capacity as )<br>Secretary of the United States Department of )<br>Housing And Urban Development, )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. |

**<u>ORDER</u>**

Upon consideration of "Plaintiff's Motion for an Expedited Hearing on its Motion for a Preliminary Injunction" and a review of the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Plaintiff's motion is granted; and it is

FURTHER ORDERED that the Court will hold a hearing on Plaintiff's Motion for Preliminary Injunction on the _____ day of _____, 2007.

_____
United States District Judge

Copies to:

Jeffrey A. Taylor
United States Attorney
555 4th Street, N.W.
Washington, DC 20001

Alberto Gonzales
Attorney General of the United States
Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Alphonso Jackson
Secretary
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410